■ In the Matter of MARTIN MANOR NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determination unanimously annulled without costs and

matter remitted to respondents for further proceedings in accordance with the following Memorandum: At the administrative hearing the hearing officer determined that petitioner was not eligible to be certified as a provider of skilled nursing home care under the provisions of the U. S. Code (tit. 42, § 1396 *et seq.*). That decision was based upon the witness' testimony admitting several specifications by which the structure did not comply with the provisions of the Life Safety Code under the statute. The petitioner erroneously concluded that this was not evidence substantial enough to warrant decertification and rested on the record. With the case in this posture, the hearing officer properly found that petitioner failed to comply with the statute and was not entitled to certification. Under the rule set forth in *Maxwell* v. *Wyman* (458 F. 2d 1146) the petitioner could have been certified by showing that waiver of strict compliance with the provisions of the Life Safety Code would not adversely affect the health and safety of the patients and that unreasonable hardship would result to petitioner if such a waiver was not granted. By failing to offer any evidence of alternative proposals or safety considerations the petitioner did not meet the burden of proof required for a waiver. (Cf. *Matter of Bacon* v. *Lavine,* 40 A D 2d 344, 346.) Since the hearing officer did make an affirmative finding that unreasonable hardship would result to petitioner from decertification and the petitioner alleges on reargument that it can supply the necessary proof of safety to justify a waiver, the determination is annulled and the matter is remitted to respondent for further proceedings to receive such proof. (Reargument of review of determination decertifying nursing home, transferred by order of Monroe Special Term and decided June 29, 1973, 42 A D 2d 685.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.